# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MOSES G.,** | **Civil Action No. 19-19977 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WILLIAM ANDERSON,** | |
| **Respondent.** | |

**WIGENTON,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Moses G., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner has replied. (ECF No. 7). Petitioner also filed a motion to expedite these proceedings. (ECF No. 8). For the following reasons, this Court will deny the habeas petition without prejudice and will deny the motion to expedite as moot.

## I. BACKGROUND

Petitioner is a native and citizen of Liberia who was admitted into the United States in June 2000. (Document 1 attached to ECF No. 6 at 1). In June 2018, he was convicted pursuant to a plea agreement in the United States District Court for the District of Vermont of distributing heroin and cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (*Id.*). Petitioner was sentenced to twenty-four months imprisonment with credit for time served and three years of supervised release. (Document 3 attached to ECF No. 6 at 2-3). On July 17, 2018, following Petitioner's release from criminal detention, Petitioner was taken into immigration custody based

1

on his drug conviction pursuant to 8 U.S.C. § 1226(c) and placed into removal proceedings. (Document 4 attached to ECF No. 6 at 1).

Petitioner first appeared before an immigration judge for a master calendar hearing on August 29, 2018, at which time Petitioner requested and was granted a continuance so that he could seek representation. (Document 7 attached to ECF No. 6 at 1). When Petitioner thereafter appeared on September 19, 2018, he again requested and was granted a continuance to seek counsel. (*Id.* at 1-2). Petitioner next appeared, with counsel, on November 8, 2018, but requested and was granted another adjournment to provide him with more time to prepare applications for relief. (*Id.* at 2). On December 6, 2018, Petitioner appeared with counsel and once again requested and received an adjournment. (*Id.*). Petitioner then filed a motion seeking a continuance on December 21, 2018, which was denied. (*Id.*). Notwithstanding that denial, Petitioner's counsel failed to appear on December 27, 2018, and his hearing was adjourned until February 5, 2019. (*Id.*). When Petitioner and counsel appeared on February 5, 2019, his removal proceedings were adjourned to March 21, 2019, for a merits hearing. (*Id.*). Petitioner thereafter filed an application for relief on March 1, 2019. (*Id.*). On March 5, 2019, Petitioner requested and was granted an adjournment of the merits hearing to May 14, 2019. (*Id.*). On May 8, 2019, Petitioner filed a motion for a continuance, which was denied. (*Id.*). Once again, notwithstanding the denied continuance, Petitioner's counsel failed to appear for the next two hearings in May and July 2019. (*Id.* at 2-3).

On August 23, 2019, Petitioner and his counsel finally did appear for a merits hearing. (*Id.* at 3). At the conclusion of the hearing, Petitioner was ordered removed by the immigration judge and his applications for relief from removal were denied. (Document 5 attached to ECF No. 6). Petitioner filed an appeal to the Board of Immigration Appeals on September 9, 2019. (Document

7 attached to ECF No. 6 at 3). On January 23, 2020, Petitioner's appeal was dismissed by the BIA. (Document 1 attached to ECF No. 9). Petitioner thereafter filed a petition for review and motion for a stay of removal with the Third Circuit. (*See* ECF No. 9 at 1). On February 21, 2020, the Third Circuit temporarily granted a stay of removal pending a final decision on Petitioner's motion for a stay pursuant to a standing order of the Third Circuit. (*See* Third Circuit Docket No. 20-1386 at Document 6-2). Petitioner's stay motion and petition for review remain pending at this time before the Court of Appeals. (*See* Third Circuit Docket No. 20-1386 Docket Sheet).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner argues that his continued immigration detention violates his right to Due Process in light of the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*,

656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015).  Although Petitioner has received an administratively final order of removal (*see* ECF No. 9), because he has received a court ordered temporary stay of removal, his detention has shifted back to pre-final order mandatory detention under § 1226(c) and his petition must be evaluated in light of that fact.  *See Leslie*, 578 F.3d at 268-72.

Although the Supreme Court abrogated the direct holdings of both *Diop* and *Chavez-Alvarez* in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), s*ee Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018), both courts in this District and the Third Circuit have recognized that the abrogation of the constitutional avoidance holdings of *Diop* and *Chavez-Alvarez* did not rob those cases of all precedential authority.  *Id.*; *see also Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018).  Specifically, the Third Circuit has noted that "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long."  *Borbot*, 906 F.3d 278-29; *see also Dryden*, 321 F. Supp. 3d at 502.

After *Jennings*, it therefore remains the law in this Circuit that the as-applied "constitutionality of [§ 1226(c) detention is] a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [requires a] highly fact specific" inquiry.  *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234.  An alien's immigration detention may thus become an unconstitutional application of § 1226(c) where the prolonged nature of that detention becomes "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause."  *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-*

*Alvarez*, 783 F.3d at 474. Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so arbitrary that the Due Process clause requires a bond hearing at which the Government bears the burden of proving that Petitioner is either a flight risk or danger to the community. *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *see also Carlos A. v. Green*, No. 18-13356, 2019 WL 325543, at *4 (D.N.J. Jan. 25, 2019) (detention of over eighteen months).

In this case, Petitioner has been held under § 1226(c) for just over twenty months. Although Petitioner's immigration detention has been lengthy, the fault for that length rests entirely on the shoulders of Petitioner and his immigration counsel. Of the twenty months of his detention, Petitioner's request for adjournments and his counsel's failures to appear are responsible for a year's worth of delays. Indeed, Petitioner actually appeared for a hearing before the immigration courts without requesting an adjournment or counsel failing to appear on only two occasions – in February 2019 when his case was scheduled for a final hearing, and his final hearing in August 2019 which immediately resulted in his removal order. The Government is responsible for essentially no delay in this matter, and the immigration judge and BIA both decided Petitioner's removal case and appeal in relatively quick fashion. Given Petitioner's responsibility for effectively all of the delay in his removal proceedings, this Court finds that Petitioner has attempted to "gam[e] the system to delay [his] removal," and he "should not be rewarded with a bond

hearing" to which he would not be entitled absent the delay that he himself created. *Chavez-Alvarez*, 783 F.3d at 476. Likewise, the behavior of Petitioner and his immigration attorney – specifically counsel's multiple failures to appear for immigration hearings after his continuance motions were denied – is directly indicative of the sort of bad faith that the Third Circuit suggested should preclude the granting of a bond hearing for § 1226(c) detainees. *Id.* at 475-77. Petitioner's habeas petition is therefore denied, and Petitioner's motion to expedite (ECF No. 8) is denied as moot in light of the denial of his habeas petition.


**III. CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DENIED WITHOUT PREJUDICE and Petitioner's motion to expedite (ECF No. 8) is DENIED as moot. An appropriate order follows.



Dated: April 3, 2020                                *s/ Susan D. Wigenton*
                                                    Hon. Susan D. Wigenton,
                                                    United States District Judge